# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: SANDIA RESORTS, INC.,            Case No. 11-15-11532 JA

Debtor.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on the Motion of Ramada Worldwide, Inc. Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claim for the Purpose of Voting to Accept or Reject the Plan ("Motion for Temporary Allowance of Claim"). *See* Docket No. 190. At the final hearing on the Motion for Temporary Allowance of Claim, held August 26, 2016, the Court heard oral argument on the issue of whether preclusion principles bar Sandia Resorts, Inc. ("Sandia Resorts") from successfully objecting to the claim of Ramada Worldwide, Inc. ("RWI") for voting purposes. David S. Catuogno appeared at the hearing on behalf of RWI. Shay E. Meagle appeared at the hearing on behalf of Sandia Resorts.

For the reasons explained below, the Court concludes that the doctrine of claim preclusion applies. Consequently, the Court will grant the Motion for Temporary Allowance of Claim and temporarily allow RWI's claim in the amount reflected in its proof of claim for purposes of voting on the competing plans filed in this Chapter 11 bankruptcy case.

## FACTS AND PROCEDURAL HISTORY[1]

This bankruptcy case is Sandia Resorts' second Chapter 11 bankruptcy case. Sandia Resorts commenced this voluntary Chapter 11 bankruptcy case on June 9, 2015 ("Second Chapter 11 Case"). *See* Docket No. 1. Approximately four years earlier, Sandia Resorts filed its

---

[1] With the parties' permission, the Court admitted into evidence the chapter 11 plan, confirmation order, RWI's proof of claim, and the docket from Sandia Resorts' prior bankruptcy case, Case No. 11-11-13489 TA.

first voluntary Chapter 11 bankruptcy case as Case No. 11-11-13489 TA ("First Chapter 11 Case"). RWI was a creditor in the First Chapter 11 Case. It filed an unsecured claim in the First Chapter 11 Case in the amount of $324,105.63 based on the pre-petition termination of a License Agreement and Satellite Connectivity Services Addendum. *See* First Chapter 11 Case – Claim No. 6-1. RWI attached a copy of the Ramada Franchise Systems, Inc. License Agreement dated February 13, 2004 (the "License Agreement") and the Satellite Connectivity Services Addendum dated February 13, 2005 (the "Addendum") to its proof of claim filed in the First Chapter 11 Case. *Id.* The License Agreement contains a choice of law provision stating that it is to be governed by and construed under New Jersey law. *Id.* Sandia Resorts' amended Chapter 11 plan, as modified,[2] filed in the First Chapter 11 Case, set a deadline of 45-days after the plan's effective date for Sandia Resorts to object to claims. *See* Debtor's First Amended Plan of Reorganization Dated April 30, 2012 ("Plan"), ¶ 9.3 – First Chapter 11 Case, Docket No. 72. The plan provided further that:

> [c]laims allowed as of the deadline for objection established pursuant to this Article shall be conclusively fixed for all purposes at such allowed amount, and shall not thereafter be amended except on motion or objection of Debtor.

Plan, ¶ 9.5.

Sandia Resorts confirmed its Plan in the First Chapter 11 Case on July 26, 2012. *See* Order Confirming Debtor's Amended Plan of Reorganization Dated April 30, 2012, as Modified by First Modification Filed May 7, 2012, Second Modification filed July 10, 2012, and Third Modification filed July 18, 2012 ("Confirmation Order") – First Chapter 11 Case, Docket No.

---

[2] Sandia Resorts modified its amended plan in the First Chapter 11 Case three times. *See* First Modification of Debtor's First Amended Plan of Reorganization Dated April 30, 2012 – First Chapter 11 Case, Docket No. 75; Second Modification of Debtor's First Amended Plan of Reorganization Dated April 30, 2012 – First Chapter 11 Case, Docket No. 96; and Third Modification of Debtor's First Amended Plan of Reorganization Dated April 30, 2012 – First Chapter 11 Case, Docket No. 98.

102. Sandia Resorts did not file an objection to RWI's claim filed in the First Chapter 11 Case. The First Chapter 11 Case was closed on December 3, 2012.

RWI filed a proof of claim in the Second Chapter 11 Case on December 31, 2015. *See* Second Chapter 11 Case – Claim No. 8-1. RWI's proof of claim filed in the Second Chapter 11 Case is essentially the same as the proof of claim RWI filed in the First Chapter 11 Case. RWI claims an unsecured claim in the Second Chapter 11 Case in the amount of $324,105.63. *Id.* RWI attached a copy of the License Agreement and the Addendum to its proof of claim filed the Second Chapter 11 Case. *Id.*

Sandia Resorts and NCG, LLC each filed a proposed Chapter 11 plan in the Second Chapter 11 Case. *See* Debtor's Second Amended Plan of Reorganization Dated August 1, 2016 – Second Chapter 11 Case, Docket No. 162; and Amended Chapter 11 Liquidation Plan (Docket No. 161) (together the "competing plans"). The confirmation hearing on the competing plans is scheduled for September 26 – 27, 2016. *See* Second Chapter 11 Case, Docket No. 166.

Sandia Resorts objected to RWI's claim filed in the Second Chapter 11 Case on August 3, 2016. *See* Second Chapter 11 Case, Docket No. 167. On August 17, 2016, RWI filed the Motion for Temporary Allowance of Claim. *See* Second Chapter 11 Case, Docket No. 190. Sandia Resorts withdrew a portion of its objection to RWI's claim to the extent the objection asserted that RWI's claim had been discharged in the First Chapter 11 Case, but continues to assert, among other things, that a portion of RWI's claim is "duplicative, unconscionable, and include[s] nonallowable penalties." *See* Second Chapter 11 Case, Docket No. 167. Sandia Resorts also asserts it is entitled to an offset against RWI's claim. *Id.*

3

DISCUSSION

A.      Temporary Allowance of Claim for Voting Purposes

Holders of allowed claims may vote to accept or reject a Chapter 11 plan. *See* 11 U.S.C. § 1126(a) ("The holder of a claim or interest allowed under section 502 of this title may accept or reject a plan.") A timely filed proof of claim is deemed allowed unless an interested party objects. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest . . . objects."). To prevent an interested party from blocking a creditor's vote by objecting to the claim shortly before the confirmation hearing,[3] Fed.R.Bankr.P. 3018(a) allows a creditor to seek the temporary allowance of its claim for purposes of voting. It provides:

> Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.

Fed.R.Bankr.P. 3018(a).

Neither the Bankruptcy Code nor the Bankruptcy Rules provide any guidelines for determining how to temporarily allow a claim for voting purposes. *See In re Experient Corp.,* 535 B.R. 386, 405 (Bankr.D.Colo. 2015) ("The Bankruptcy Code and Rules do not provide the courts with any guidance about how and when to temporarily allow a claim.") (citation omitted); *In re Pac. Sunwear of Cal., Inc.,* 2016 WL 4250681, *3 (Bankr.D.Del. Aug. 8, 2016) (acknowledging that "there is no guidance in the Bankruptcy Code on how to determine the proper amount of the claim" under Rule 3018(a)). The Court, therefore, has discretion to determine the amount of a claim for the limited purpose of voting. *See Armstrong,* 294 B.R. at

---

[3] *See In re Armstrong,* 294 B.R. 344, 354 (10th Cir. BAP 2003) ("The policy behind temporarily allowing claims is to prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last minute objections to the claims of dissenting creditors.") (citing *Stone Hedge Properties v. Phoenix Capital Corp. (In re Stone Hedge Properties),* 191 B.R. 59, 64 (Bankr.M.D.Pa. 1995) (remaining citation omitted).

4

354 (temporary allowance of a claim under Rule 3018(a) "is left to a court's discretion.") (citations omitted); *Experient,* 535 B.R. at 405 ("temporary allowance is left to the discretion of the court.") (citation omitted); *Pension Benefit Guar. Corp. v. Enron Corp.,* 2004 WL 2434928 (S.D.N.Y. Nov. 1, 2004) (unreported) (Rule 3018(a) "'specifically and elastically provides that a court may, for the purposes of voting, temporarily allow a claim or interest *in an amount which the court deems proper.*'") (quoting *Matter of Johns-Manville Corp.,* 68 B.R. 618, 631 (Bankr. S.D.N.Y. 1986) (emphasis in *Enron*)).

The claimant requesting temporary allowance of its claim under Rule 3018(a) bears the burden of presenting "sufficient evidence that it has a colorable claim capable of temporary evaluation." *Armstrong,* 294 B.R. at 354. *See also Experient,* 535 B.R. at 405 (agreeing with *Armstrong*).[4] Finally, temporary allowance fixes the amount of the claim only for a limited time and only for a limited purpose; it does not conclusively establish the amount of the claim in the bankruptcy case. *See Armstrong,* 294 B.R. at 354 ("Temporary allowance of a claim under Rule 3018(a) is not dispositive as the amount of the claim[.]").

B. Claim Preclusion

RWI asserts that Sandia Resorts is estopped from objecting to its Motion for Temporary Allowance of Claim under principles of *res judicata,* also known as claim preclusion.[5] RWI relies on a provision in Sandia Resorts' confirmed plan in the First Chapter 11 Case which established a mechanism to fix the amount of its allowed claim.

---

[4] *But see Hedge Properties,* 191 B.R. at 64-65 (questioning whether the burden of proof ought to be placed on the objecting party); *Pac. Sunwear,* 2016 WL 4250681 at *5 (observing that, "because a Rule 3018 proceeding is meant to enfranchise claimants, there is an inconsistency in using the burden of proof rules that apply to objections to claims.") (citation omitted).

[5] The parties agreed at the final hearing on the Motion for Temporary Allowance of Claim that the Court should consider the preclusive effect of the prior confirmation order under the doctrine of claim preclusion rather than issue preclusion (also known as collateral estoppel).

5

The provisions of confirmed plan are binding on the debtor and any creditors, regardless of whether the creditor accepted the plan. *See* 11 U.S.C. § 1141(a) ("the provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not such creditor . . . has accepted the plan"); *In re K.D. Co., Inc.,* 254 B.R. 480, 490 (10th Cir. BAP 2000) (a confirmed plan and confirmation order "are binding on the parties under § 1141 and principles of *res judicata,* regardless of whether [creditor] agreed with their provisions.") (citations omitted). In addition, a confirmation order, "like all final judgments on the merits, can have binding effect under *res judicata,* provided all of its essential elements are satisfied." *Dycoal, Inc. v. IRS (In re Dycoal, Inc.),* 2006 WL 360642, *13 (W.D.Pa. Feb. 15, 2006).

The confirmation order entered in the First Chapter 11 Case was entered by a federal bankruptcy court in accordance with federal bankruptcy law. To determine the preclusive effect of a Chapter 11 confirmation order, some courts apply the federal law of claim preclusion. *See Monarch Life Ins. Co. v. Ropes & Gray,* 65 F.3d 973, 978 (1st Cir. 1995) (reasoning that, because the confirmation order "was rendered by a federal tribunal—the bankruptcy court— . . . federal preclusion principles apply.") (citations omitted).[6] On the other hand, courts look to state law to determine the validity of a creditor's state law claim. *See Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (in bankruptcy cases, property interests are determined in accordance with state law); *In re MarMc Transp., Inc.,* 2012 WL 3835026, *2 (Bankr.D.Wy. Sept. 4, 2012) ("The validity of a creditor's claim is determined by state law."). The choice of law provision in the License Agreement requires application of New Jersey law. The Court need

---

[6] *See also, Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d 1329, 1333 (10th Cir. 1988) (acknowledging the general rule that "'Federal law determines the effects under the rules of res judicata of a judgment of a federal court'" and observing further, that "[i]f the prior judgment of the federal court is based on federal law, then the application of this rule seems uncontroversial.") (quoting 87 *Restatement (Second) of Judgments* § 87 (1982); *In re Corey,* 394 B.R. 519, 526 (10th Cir. BAP 2008) ("Federal courts apply federal law in determining the preclusive effect of a judgment entered by a federal court.") (citations omitted).

6

not decide, however, whether to apply federal or New Jersey claim preclusion law because the requirements for claim preclusion under both federal law and New Jersey law are the same:

> Under both federal law and this State's law, claim preclusion requires that '(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.'
>
> *McNeil v. Legislative Apportionment Comm'n of the State of N.J.,* 177 N.J. 364, 395, 828 A.2d 840, 859 (2003) (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 N.J. 398, 412, 591 A.2d 592, 599 (1991) (citations omitted)).[7]

All of the elements necessary for claim preclusion are satisfied. The confirmation order entered in the First Chapter 11 Case is a valid, final order on the merits. *See In re Laing,* 31 F.3d 1050, 1051 (10th Cir. 1994) (a confirmed chapter 11 plan is binding as a final judgment on the merits); *First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.),* 81 F.3d 1310, 1315 (4th Cir. 1996) (stating that "[a] bankruptcy court's order of confirmation is treated as a final judgment with *res judicata* effect.") (citing *Stoll v. Gottlieb,* 305 U.S. 165, 170–71, 59 S.Ct. 134, 136-137, 83 L.Ed. 104 (1938) (remaining citations omitted)). *Cf. United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269, 130 S.Ct. 1367, 1376, 176 L.Ed.2d 158 (2010) (stating that an order confirming a debtor's chapter 13 plan is a final judgment) (citation omitted). Sandia Resorts did not appeal from the confirmation order entered in the First Chapter 11 Case, did not elect to object to RWI's claim in the First Chapter 11 Case, and did not file a motion or objection seeking to amend RWI's allowed claim in the First Chapter 11 Case after the deadline fixed in the confirmed plan.

---

[7] *See also, Hatch v. Boulder Town Council,* 471 F.3d 1142, 1149 (10th Cir. 2006) ("Under federal law the application of claim preclusion requires that three elements be satisfied: '(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.'") (quoting *Yapp v. Execl Corp.,* 186 F.3d 1222, 1226 (10th Cir. 1999)).

RWI and Sandia Resorts are the same parties in the First Chapter 11 Case and the Second Chapter 11 Case. The cause of action in the First Chapter 11 Case and the cause of action in the Second Chapter 11 Case both concern RWI's claim. And the claim RWI filed in both the First Chapter 11 Case and the Second Chapter 11 case is predicated on the same License Agreement and Addendum and asserts the same dollar amount. "Causes of action are deemed part of a single 'claim' if they arise out of the same transaction or occurrence" *McNeil,* 828 A.2d at 859 (internal quotation marks and citations omitted).

Sandia Resorts nevertheless asserts that claim preclusion does not bar its objection to the Motion for Temporary Allowance of Claim because RWI's claim was not actually litigated as part of the First Chapter 11 Case. Rather, RWI's allowed claim in the First Chapter 11 Case occurred merely by operation of the provisions in the confirmed Chapter 11 plan. This distinction is insufficient to defeat the application of claim preclusion to bar Sandia Resorts from successfully objecting to RWI's Motion for Temporary Allowance of Claim. Unlike issue preclusion,[8] claim preclusion does not have an actual litigation requirement. *See Orca Yachts, L.L.C. v. Mollicam, Inc.,* 287 F.3d 316, 318 (4th Cir. 2002) (stating that "while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment."). Default judgments may be given preclusive effect under the doctrine of claim preclusion. *See Corey,* 394 B.R. at 526 (acknowledging that federal default judgments may have claim preclusive effect); *Crispino v. Chemical Bank New Jersey, N.A. (In re Crispino),* 160 B.R. 749, 755 (Bankr.D.N.J. 1993) (res judicata applies to default judgments under New Jersey law)

---

[8] *See Corey,* 394 B.R. at 526-27 ("It is the general rule that issue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'") (quoting *Arizona v. California,* 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) (quoting Restatement (Second) of Judgments § 27, p. 250 (1982) (additional internal quotation marks omitted)); *Watkins v. Resorts, Int'l Hotel and Casino, Inc.,* 124 N.J. 398, 422, 591 A.2d 592, 604 (1991) (acknowledging that "issue preclusion applies only to those issues that were actually litigated and decided.") (citation omitted).

(citations omitted).[9] Even though the First Chapter 11 Case did not involve a contested matter between Sandia Resorts and RWI to determine the validity and amount of RWI's claim, the provisions in the confirmed plan which included a process to establish RWI's allowed claim are nevertheless entitled to preclusive effect with respect to the Motion for Temporary Allowance of Claim filed in this Second Chapter 11 Case involving the same parties and the same claim.

## CONCLUSION

Because all of the requirements for claim preclusion have been satisfied, Sandia Resorts is barred from successfully objecting to RWI's Motion for Temporary Allowance of Claim. Sandia Resorts may not present additional evidence in support of its objection to the Motion for Temporary Allowance of Claim. RWI's proof of claim filed in the Second Chapter 11 Case is sufficient to establish the amount of its temporarily allowed claim for purposes of voting. *See* Fed.R.Bankr.P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). The Court will grant the Motion for Temporary Allowance of Claim by separate order and fix the amount of RWI's temporarily allowed claim for voting purposes at $324,105.63.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   September 1, 2016

---

[9] *See also Morris v. Jones,* 329 U.S. 545, 550-51, 67 S.Ct. 451, 455, 91 L.Ed. 488 (1947) ("'A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata* . . . even if obtained upon a default.'") (quoting *Reihle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929)).

COPY TO:

David S. Catuogno
LeClairRyan, P.C.
Attorney for Ramada Worldwide, Inc.
1037 Raymond Boulevard
16th Floor
Newark, NJ 07102

Shay E. Meagle
 Meagle Law, P.A.
Attorney for Sandia Resorts, Inc.
315 Alameda Blvd. NE., Ste. D
Albuquerque, NM 87113